**YONG SONG LIU, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

No. 06–2524–ag.

United States Court of Appeals, Second Circuit.

March 1, 2007.

Gary J. Yerman, New York, New York, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Emily Anne Radford, Assistant Director, John W. Blakeley, Attorney for the Office of Immigration Litigation,

Washington, District of Columbia, for Respondents.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Yong Song Liu, a native and citizen of China, seeks review of a May 4, 2006, order of the BIA denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") in remanded proceedings from this Court pursuant to a stipulation order. *In re Liu, Yong Song*, No. A79 652 747 (B.I.A. May 4, 2006); readdressing *In re Liu, Yong Song*, No. A79 652 747 (B.I.A. Dec. 23, 2003); dismissing the appeal from Immigration Judge ("IJ") Sandy Hom, *In re Liu, Yong Song*, No. A79 652 747 (Immig. Ct. N.Y. City June 26, 2002). We assume the parties' familiarity with the underlying facts and procedural history.

In this case, the BIA adopted and affirmed the IJ's adverse credibility determination in both of its decisions. In its first decision, the BIA also supplemented the rationale behind that finding by considering an additional adverse credibility factor that the IJ had not mentioned. As a result, this Court reviews the IJ's adverse credibility determination as supplemented by the BIA. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005).

This Court reviews these types of factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v.*

*U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS*, 359 F.3d 121, 129 (2d Cir.2004); *but see Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 158 (2d Cir.2006) (agreeing with this principle, but avoiding remand, in spite of deficiencies in an adverse credibility determination, because it could be confidently predicted that the IJ would adhere to the decision were the case remanded).

In this case, several of the factors the IJ and the BIA used to conclude Petitioner was not credible are not supported by the record. For instance, the BIA's rationale that Petitioner was not credible because, inter alia, Petitioner was inconsistent with respect to the date of birth of his second child is not supported. Nor are the IJ's statements that Liu would not have been able to bribe a doctor, and that, even if he had been able to bribe a doctor, such activity demonstrated lax family planning enforcement in China, supported by evidence in the record. Moreover, the IJ's conclusion that the petitioner gave an implausible and inconsistent explanation for why he was unable to pay his original fine to the Chinese government but, nonetheless, was able to borrow a substantial amount of money to pay for smuggling fees to enter the United States, is also unsupported. At the hearing, Petitioner explained that friends would not loan him money to pay a fine, but they would loan him money to come to the United States because he was more likely to be able to get work to pay the money back. Petitioner also clarified that he would be expected to be particularly motivated to repay the large debt because his family remained in China. This explanation is neither inconsistent nor implausible, and the IJ does not explain why it is otherwise.

The IJ also found Petitioner not credible because he submitted an X-ray dated August 14, 2001, and included with that X-ray a physician's explanatory letter dated Jan-

uary 3, 2001, as opposed to January 3, 2002. Upon notice of the discrepancy in the dates, Petitioner tendered another letter from the physician explaining that the reason for the improper date was the physician's inadvertent use of the previous year's date instead of the new year's date, which had just changed. The IJ refused even to consider this explanation. Whether or not the IJ could properly have discounted it, his failure to consider Petitioner's seemingly adequate explanation for a minor inconsistency requires us to find that the inconsistency does not adequately support an adverse credibility finding. *See Secaida–Rosales v. INS,* 331 F.3d 297, 308 (2d Cir.2003).

Finally, the IJ relied on an absence of a corroborating letter from Petitioner's brother-in-law relating to the brother-in-law's alleged bribery of doctors so that Petitioner's second child could be born in a government hospital. The IJ, however, did not probe Petitioner as to why the evidence was lacking, other than to ask the single question: "But you don't have any such statement from you[r] wife's sister's brother." Before concluding that the absence of the corroborating evidence went to the Petitioner's credibility, the IJ should have made an inquiry into *why* the corroborating document was missing from the record, as opposed to merely reaffirming its absence. For instance, the IJ never asked whether Petitioner had tried to get a letter from the brother-in-law, had received other letters from the brother-in-law, or even whether the brother-in-law was able to write. In addition, the IJ did not examine whether extenuating circumstances, such as a possible reluctance on the part of the brother-in-law to document his successful bribery, prevented Petitioner from obtaining the document. *See Cao He Lin,* 428 F.3d at 405 (noting "an IJ has an obligation to ensure that documentation is available before relying on the applicant's failure to produce it"); *Jin Shui Qiu*

*v. Ashcroft,* 329 F.3d 140, 153–54 (2d Cir. 2003) (suggesting it may be erroneous for IJ to require documentation not reasonably available to alien); *see also Li Zu Guan v. INS,* 453 F.3d 129, 141 (2d Cir. 2006) (finding error in IJ's demand for contemporaneous birth records because "standards for written corroboration must be calibrated to the norms and practices of the aliens' home countries, and the circumstances of the aliens' departure"); *cf. Zhou Yun Zhang v. INS,* 386 F.3d 66, 78 (2d Cir.2004) (noting IJ had asked petitioner why he had not produced an affidavit from his wife before relying on the absence of the document as a basis for denying relief).

Although substantial evidence does support some of the other factors the agency used to determine Petitioner was not credible, because we cannot confidently predict that the agency would have reached the same result absent the flawed grounds for the adverse credibility determination, *Xiao Ji Chen,* 434 F.3d at 158, the petition for review is GRANTED, the BIA's order is VACATED, and the case is REMANDED for further proceedings consistent with this order.

We further note that the BIA may find it useful to delay decision in Petitioner's case until this Court has decided the consolidated petitions in *Shi Liang Lin v. U.S. Dep't of Justice, Zhen Hua Dong v. U.S. Dep't of Justice, Xian Zou v. Gonzales,* 416 F.3d 184 (2d Cir.2005), *hearing in banc granted* (Nov. 13, 2006), which may or may not affect the viability of Petitioner's ultimate claim with respect to his wife's alleged forced sterilization.

Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure

34(a)(2), and Second Circuit Local Rule 34(d)(1).